ROBERT L. BLAND, Judge.
On the twenty-fourth of November 1943, claimant Bee Lester, of Goodman, Mingo county, West Virginia, filed a petition with the clerk of the court of claims wherein he alleged that on the 28th day of October 1943, he was walking on the sidewalk adjacent and parallel with route 52, in a westerly direction, at or near the intersection of Hill street and West Third avenue, in West Williamson, West Virginia, between the hours of one and two o’clock p. m. of that day, and that a Chevrolet one and one-half ton state road truck, in charge and under the control of John Soward, an employee of the state road commission, was being pulled by another state road truck driven by one John Nance, also an employee of the state road commission; that said first mentioned truck so driven by said Soward, while hauling dirt, gravel, rock and other substances *266 on the new road at the bottle neck on West Third avenue, had broken an axle and was unable to proceed under its own power and that at the direction of Clarence Hicks, foreman of maintenance for respondent, said disabled truck, with said broken axle, was directed to be towed to the state road garage in West Williamson. It is further averred that just before said truck approached a point near where claimant was walking on the sidewalk said trucks came around a steep curve and went down a steep grade at a rate of speed in excess of fifteen miles an hour, and without due regard for the safety and welfare of pedestrians, and without having control and care of said trucks, the rear right dual wheels of the disabled truck came off the said truck with its axle extended and ran wild down Third avenue upon the sidewalk and struck claimant, inflicting serious and grievious injuries and thereby causing him to sustain a fractured skull, concussion of the brain and other contusions and lacerations in and about the body.
This case was placed upon the trial calendar of the present term for investigation on the eighteenth of January 1944. After the state road commission had made investigation of the accident, and the circumstances attending it, it concluded that the claim in question was possessed of merit and opened negotiations for its settlement by way of compromise adjustment. It agreed to pay to claimant in full settlement of his injuries the sum of $750.00 subject to approval and ratification by this court. This amount claimant agreed to accept.
On the said eighteenth day of January 1944, the case came on to be heard before the court. Evidence was adduced supporting the allegations of claimant’s petition and certain facts were stipulated.
It appears that state road commission truck no. 230-57 had a broken axle and it was deemed necessary to send it to the state garage at Williamson, a distance of about one mile, to be repaired. State road commission truck no. 230-84, driven *267 by John Nance, started to tow the disabled truck to the garage. The condition of the weather was wet and cloudy and visibility was poor. Claimant was walking on the sidewalk, in a westerly direction, going towards Chattaroy and Huntington. He was accompanied by his son who was pushing a cart on the right side of the highway. They had gone around a curve and were descending an incline. Another boy was approaching from the opposite direction. Just before he met claimant and his son the two state road commission trucks came around this curve, traveling in the same direction that claimant was proceeding. The little boy observed that the rear right dual wheels of the disabled truck had become disconnected and were rolling wildly along the highway. This fact was unknown to ihe road employees in charge of the two trucks. The little boy saw the wheels going up on the sidewalk and desiring to warn claimant of his danger yelled to him to jump out of the way. At the same time he jumped out of the way and the wheels missed him by a few inches. Claimant turned around to see what the boy. was yelling about and almost in that moment the axle from the wheels which were moving very fast hit him, knocking him up in the air and he fell flat on the pavement and the upper part of his body rolled over on the grass. After striking claimant the wheels continued to run on the highway and struck a car. The road trucks did not stop until they proceeded to a point below Kazee’s service station.
Claimant was found to be badly injured and was taken to the Williamson Memorial hospital. On examination he was found to be in shock, with a large hematoma in the left occipital area, with bleeding from the left ear. X-ray examination of the skull showed a fracture of the left parietal region. There can be no doubt about the fact that he was seriously injured and his hearing badly impaired. He remained in the hospital until November 4, 1943, when he returned to his home to further recuperate. It was manifestly an act of negligence to permit the disabled truck to go upon the highway. In view of the condition in which it was found to be the lives of all *268 persons using the highway at the time were in danger. Proper precautions for the safety of the traveling public were not employed. By its willingness to settle claimant’s demand the road commission has admitted its responsibility for the injuries which he received. The compromise settlement is fully sustained by the agreed facts.
In claims NO. 95, 120 and 121, Wayne Damron and Calvert Fire Insurance Company v. State Road Commission, Zillie Damron v. State Road Commission and Rebecca Damron v. State Road Commission, 1 Ct Claims (W. Va.) 236, we held:
“When, pending the hearing and investigation of claims against the state, duly filed in the court of claims and placed upon its trial calendar, all growing out of the same facts, such claimants and the state agency concerned effect a compromise adjustment and settlement of such claims, subject to the approval and ratification of the court of claims, and evidence offered in support of such claims and compromise settlement thereof shows the advisability and propriety of such compromise settlement, awards will be made for the payment of such claims in accordance with and pursuant to such agreed terms of settlement.”
The settlement made by the road commission with claimant will be ratified and confirmed. All of the evidence discloses the wisdom and advisability of making such settlement.
An award is therefore made in favor of claimant Bee Lester in the sum of seven hundred and fifty dollars ($750.00), subject to ratification by the Legislature.